This is a proceeding under the acts of 1807, 1822, and 1828. Rev. Stat., ch. 45, secs. 17, 18. The case is as follows: In the year 1843 one Almon Taylor obtained a judgment before a justice of the peace against Samuel Drake, an execution was issued and placed by him in the hands of A. Sheets, who was deputized by a magistrate to execute it. The officer levied the execution on a wagon as the property of the defendant, and left it in his possession. For the forthcoming of the wagon the paper upon which the proceedings are founded was executed by the defendant and delivered to the officer, Sheets, on 27 May, (264) 1843. The notice in this case issued 29 July, 1845. In the meantime Sheets had died and the plaintiff had administered upon his estate. Several questions were made on the trial of the cause in the Superior Court. We deem it unnecessary to notice any but the first objection taken by the defendant. It lies at the foundation of the plaintiff's claim. The act requires of an officer who levies an execution on personal property to take a bond from the defendant for its forthcoming, when he leaves it with the owner. The paper-writing taken by Sheets is not a bond; it is made payable to no one. It is of the essence of a bond to have an obligee as well as an obligor; it must show upon its face to whom it is payable. Hurleston on Bonds, 2 Com. Dig., title, "Obligation." This was expressly so decided by this Court in Graham v. Holt, 25 N.C. 302. In a declaration on this instrument, in an action on it, the plaintiff could not supply the defect by an averment; if he did, the defendant might demur, for the declaration would show that there was no obligee, no one to whom the obligor was bound. As this objection lies at the threshold of the plaintiff's claim, we have, as before stated, confined our attention to it.
PER CURIAM. Reversed, and judgment for defendant.
Cited: Leach v. Flemming, 85 N.C. 451; Sandlin v. Ward, 94 N.C. 497. *Page 189 
(265)